IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF BERTHOLD EWERT, DECEASED.

IN THE MATTER OF THE ESTATE OF MARY A. EWERT, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued November 28, 1960—Decided January 17, 1961.

Before Judges PRICE, GAULKIN and SULLIVAN.

*Mr. Harold Kamens* argued the cause for Berthold Ewert, administrator of the estate of Berthold Ewert, deceased.

*Mr. Emanuel Strum* argued the cause for Herman D. Sorg, executor of the estate of Mary A. Ewert, deceased (*Messrs. Kreamer & Kreamer,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J. A. D.   Berthold Ewert died on January 30, 1948, a resident of the City, County and State of New York. He left no issue.  His widow, Mary A. Ewert, was appointed administratrix of his estate by the Surrogate of New York County upon her representation that her husband had died intestate.   Said estate was duly administered by the said administratrix and was judicially settled before the Surrogate's Court in New York, and, by decree dated July 19, 1954, the entire net balance of the estate, the amount of which was alleged by respondent to be approximately $14,000, and admitted by appellant to be $8,038.84, was paid to Mary A. Ewert as sole heir.  On said judicial accounting Berthold Ewert, a nephew of the decedent, executed a waiver of citation.

Mary A. Ewert, the widow, died September 4, 1958, a resident of Passaic County, New Jersey, and letters of administration were issued on her estate.   Thereafter a will of Mary A. Ewert was discovered and was admitted to probate by the County Court of Passaic County, Probate Division, on March 6, 1959.   Herman D. Sorg, the executor named therein, has duly qualified as such.

In March 1960 said nephew Berthold filed with the Passaic County Surrogate's Court a complaint for probate of a non-

resident's will stating substantially the foregoing matters and further alleging that a will of Berthold Ewert, deceased, dated May 9, 1929, had been recently located, in which the United States Trust Company of Paterson (now known as the First National Bank of Passaic County) was appointed executor. Under said will, a copy of which was annexed to the complaint, the widow received a legacy of $1,000, and the balance of the estate was left to other beneficiaries.

The complaint further alleged that in order to recover the assets of the estate of Berthold Ewert from the estate of Mary A. Ewert for the benefit of the beneficiaries named in the will of Berthold Ewert, deceased, it was necessary that said will be admitted to probate. The complaint also asked that letters testamentary be issued to said nephew Berthold, one of the residuary legatees named in the will. Attached to the complaint was a renunciation of the executorship by the bank.

The matter came on for hearing in the County Court and, upon formal proof of the genuineness of the signatures of the testator and the attesting witnesses, the court admitted said will to probate and issued letters of administration with the will annexed to said nephew Berthold. Said judgment contains recitals that more than three months have elapsed since Berthold Ewert's death and that his will has not been admitted to probate in New York, nor are any such proceedings pending, and that there are estate assets in the County of Passaic.

The court took judicial notice that the assets of the estate of Mary A. Ewert were being administered in Passaic County and continued a restraint it had previously imposed on the executor of that estate, enjoining him from disposing of $10,000 of estate assets until the issues between the two estates were resolved.

At the hearing said nephew Berthold, in the course of proving his uncle's signature, testified that his uncle in a letter written to him in 1929 mentioned that he had made a will which was in a bank in Paterson. No attempt was

made by anyone to interrogate the witness as to why he had waited until about 1958 to locate Berthold Ewert's will, or whether he had disclosed his information about the will when Berthold Ewert's estate was administered in New York.

The executor of the estate of Mary A. Ewert, deceased, has appealed the ruling of the County Court admitting Berthold Ewert's will to probate and the ancillary restraint on the estate of Mary A. Ewert.

Appellant, in support of his claim of error, argues that the County Court of Passaic County was without jurisdiction to admit the will to probate without proof of the existence of personal property of the deceased Berthold Ewert in the county. Appellant also argues that the proponent of the will is in laches because of his admitted knowledge of the will as far back as 1929 and his execution of a waiver of citation on the judicial settlement of the account of the administrator of Berthold Ewert's estate in New York in 1954.

Neither point made by appellant is well taken. On the question of jurisdiction the statute under which the will was admitted to probate provides as follows:

*N J. S.* 3A:3–29.

"Where the will of any person not resident in this state at his death has not been admitted to probate in the state, jurisdiction or country in which he then resided and no proceeding is there pending for the probate of the will, and he died owning real estate situate in any county of this state or personal property, or evidence of the ownership thereof, situate therein at the time of probate, the county court of the county or the superior court may admit the will to probate and grant letters thereon."

In addition to the other requirements specified in the statute, it was incumbent on the proponent of the will to establish that there was, at the time of probate, personal property belonging to the estate, or evidence of ownership thereof, situate in Passaic County. However, we find that such requirement was amply proved by showing that the estate of Berthold Ewert had a claim against the estate of

Mary A. Ewert and that the latter estate was being administered and had assets in Passaic County. *Restatement, Conflict of Laws, c. 11, Sec. 467,* comment e, *p. 565; Sec. 469* (1934).

On the question of laches, the proponent of the will was seeking probate not only on his own behalf, but also in the interest of all other legatees named in the will. Decedent's testamentary disposition of his estate must be given effect if at all possible.

Affirmed.